**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **VS.** | NO. 5: 09-CR-56 (CAR) |
| **CURTIS JAMES HUDSON,** | **VIOLATIONS: Drug & Firearms Related** |
| **Defendant** | |

## ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Christopher Brian Jarrard of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Verda M. Colvin. Based upon the evidence proffered to the court by counsel for the government and counsel for the defendant, as well as the contents of the Pretrial Services Report dated August 17, 2009, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ **(1) There is PROBABLE CAUSE to believe that the defendant has committed an offense**

    ☐ **for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.**

    ☐ **under 18 U.S.C. §924(c).**

☐ **(2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.**

#### ALTERNATIVE FINDINGS

☐ **(1) There is a serious risk that the defendant will not appear.**

☒ **(2) There is a serious risk that the defendant will endanger the safety of another person or the community.**

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated August 17, 2009, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were the defendant to be released from custody at this time. Although defendant Hudson is a resident of the Middle District of Georgia with family ties to this district, the offenses charged against him are serious felonies for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 170 months to 197 months to be served in prison.

Defendant Hudson has a felony conviction record as follows: BURGLARY, 1999, Superior Court of Bibb County, Georgia; POSSESSION OF COCAINE, 1999, Superior Court of Bibb County, Georgia; and, POSSESSION OF COCAINE, 2007, Superior Court of Peach County, Georgia. In addition, he has a history of probation violations and revocations. According to the government's proffer, defendant Hudson was in possession of illegal drugs at the time of his arrest on this federal indictment. *See* Government's Exhibits A, B, C and D. In addition, the defendant has a history of substance abuse and of treatment for substance abuse; he last used marijuana on August 16, 2009.

For the foregoing reasons, the undersigned finds that defendant Hudson poses a danger to the community were he to be released from custody.  His pattern of illegal conduct going back to 1999 and continuing to the present mandates pretrial detention.  IT IS SO ORDERED AND DIRECTED.

<div style="border:1px solid black">

**PART III  -  DIRECTIONS REGARDING DETENTION**

</div>

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 18th day of AUGUST, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE